1   January 2005, which you assumed to be sexual in nature,
2   when he asked you what you were going to do to him at
3   the year-end meeting, correct?
4        A.  Yes.
5        Q.  Those were the only times that conduct was
6   directed to you specifically that you deemed to be
7   sexual in nature, correct?
8        A.  Yes.
9            MR. FORMAN:  Do you need to take a break?
10           THE WITNESS:  No.
11       Q.  (BY MR. FORMAN) Earlier in the deposition you
12  walked us through your employment history at Wal-Mart.
13  It is true that within your first year of employment you
14  had been promoted twice, correct?
15       A.  Yes.
16       Q.  You went from a cashier to a CSM, correct?
17       A.  Yes.
18       Q.  Which is an hourly supervisor position, correct?
19       A.  Yes.
20       Q.  And then you went from a CSM to a department
21  manager, which is another hourly supervisor position,
22  correct?
23       A.  Yes.
24       Q.  The department manager covers a larger area than
25  a customer service manager or a CSM, correct?

Esquire Deposition Services            1700 Pacific Avenue, Suite 4750           Dallas, Texas 75201
Phone (214) 257-1436                         (800) 852-9737                       Fax (214) 965-9205

App. 0063

1       A.   They cover departments. I don't know if you call
2  it a larger area.
3       Q.   Okay. But you deemed it to be a promotion to go
4  from a CSM to a department manager, correct?
5       A.   Yes.
6       Q.   And then approximately two years later, you were
7  then promoted again to a support manager position?
8       A.   Yes.
9       Q.   And a support manager position, is it also an
10 hourly supervisor position?
11      A.   Yes, sir.
12      Q.   But a support manager is essentially training to
13 be a member of management, correct?
14      A.   Yes.
15      Q.   And less than a year after you became a support
16 manager, you were once again promoted, this time to an
17 assistant manager trainee position?
18      A.   Yes, sir.
19      Q.   And then shortly after that, you were once again
20 promoted, this time to an assistant manager position?
21      A.   Yes.
22      Q.   And two years after you became -- strike that.
23           And two and a half years after you became an
24 assistant manager, you were promoted to a co-manager?
25      A.   Yes, sir.

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                       (800) 852-9737                     Fax (214) 965-9205

App. 0064

1  you received -- well, strike that.
2           Bonuses are given out -- is it in April?
3     A.  I'm not sure.
4     Q.  Bonuses are given out one time a year?
5     A.  Yes.
6     Q.  Okay.  What's the largest bonus you have received
7  in any given year since you've been employed by
8  Wal-Mart?
9     A.  I believe it may be $10,000.  I'm not sure.
10    Q.  You do understand that there is no guarantee that
11 you will receive a bonus in any given year, correct?
12    A.  Yes.
13    Q.  Essentially, the store has to make its targets in
14 order for you as a member of management to get a bonus,
15 correct?
16    A.  Yes.
17    Q.  You've already told us that when you were demoted
18 in February of 2005 that you did not lose any pay,
19 correct?
20    A.  Correct.
21    Q.  Is it also true that you did not lose any
22 benefits, correct?
23    A.  Correct.
24    Q.  When was the last time your pay was increased?
25    A.  When I was promoted to co-manager.

Esquire Deposition Services        1700 Pacific Avenue, Suite 4750        Dallas, Texas 75201
Phone (214) 257-1436                     (800) 852-9737                  Fax (214) 965-9205

App. 0065

Page 146

```
 1   No. 6.  Defense Exhibit No. 6 is the decision-making day
 2   that you received on May 4th, 2004, correct?
 3        A.   Yes.
 4        Q.   And as of the time that you received this
 5   decision-making day, you had not complained of sexual
 6   harassment, correct?
 7        A.   No, I hadn't.
 8        Q.   And as of the time you received this
 9   decision-making day, you had not filed a charge of
10   discrimination, correct?
11        A.   Correct.
12        Q.   You received a decision-making day on May 4th,
13   2004, because you were accused of directing associates
14   to indicate that three computers were part of the
15   store's inventory even though those computers were not
16   in the store, correct?
17        A.   Correct.
18        Q.   And it's my understanding that you dispute that
19   accusation, correct?
20        A.   Correct.
21        Q.   Notwithstanding the fact that you dispute that
22   you did what you were accused of, you are aware that
23   other associates reported to management that you had
24   done what you got the decision-making day for; that is,
25   you were accused by others of falsifying inventory,
```

Esquire Deposition Services        1700 Pacific Avenue, Suite 4750        Dallas, Texas 75201
Phone (214) 257-1436                      (800) 852-9737                  Fax (214) 965-9205

App. 0066

1   correct?
2   A.  Correct.
3   Q.  Do you know who the others were that accused you
4   of falsifying inventory?
5   A.  The department manager and an assistant manager.
6   Q.  Do you know their names?
7   A.  Tammy Hodgkiss, Nicki Milton, I believe is her
8   last name.  And I believe they talked to somebody in
9   claims.
10  Q.  Who's the person that issued your decision-making
11  day to you?
12  A.  Allen Schamber.
13  Q.  And what position did Mr. Schamber hold at that
14  time?
15  A.  District manager.
16  Q.  Do you know what Ms. Hodgkiss and Ms. Milton
17  reported to Mr. Schamber in support of their accusation
18  of your falsification of inventory?
19  A.  No, I don't.
20  Q.  When you met with Mr. Schamber, you denied the
21  accusation?
22  A.  Yes, I did.
23  Q.  And he later told you that he -- he was making
24  the decision to find that their accusations were true?
25  A.  Yes.

Esquire Deposition Services            1700 Pacific Avenue, Suite 4750            Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                        Fax (214) 965-9205

App. 0067

1   Q.  Basically he decided -- strike that.
2       Basically, Mr. Schamber told you that he
3   believed the two individuals, Tammy Hodgkiss and Nicki
4   Milton over you, correct?
5   A.  Yes.
6   Q.  In terms of the accusation against you of
7   falsifying inventory, other than your telling
8   Mr. Schamber that what you were accused of was not true,
9   there was no other way for you to prove, or disprove
10  rather, the allegations made against you, correct?
11  A.  Correct.
12  Q.  It was simply your word against the other two
13  associates, correct?
14  A.  Yes, sir.
15  Q.  And Mr. Schamber told you that he made -- strike
16  that.
17      And Mr. Schamber told you that he made the
18  decision to believe them over you, correct?
19  A.  Yes.
20  Q.  And you don't know specifically what they told
21  him, correct?
22  A.  No, I don't.
23  Q.  It is true that at Wal-Mart, integrity is one of
24  the primary requirements of every associate that works
25  at Wal-Mart, correct?

Esquire Deposition Services        1700 Pacific Avenue, Suite 4750        Dallas, Texas 75201
Phone (214) 257-1436                    (800) 852-9737                    Fax (214) 965-9205

App. 0068

```
 1      A.   Correct.
 2      Q.   You have heard at Wal-Mart that an integrity
 3   issue constitutes gross misconduct, right?
 4      A.   Yes.
 5      Q.   And gross misconduct could result in immediate
 6   termination, correct?
 7      A.   Correct.
 8      Q.   That's different from regular misconduct where we
 9   typically follow the coaching for improvement policy,
10   correct?
11      A.   I believe so, yes.
12      Q.   And so -- strike that.
13           And you would agree -- and I know you
14   dispute the allegations, but the allegations made
15   against you in May of 2004, that is that you falsified
16   inventory, was an allegation of an integrity issue,
17   correct?
18      A.   Yes, it was.
19      Q.   And I know you dispute the allegations, but if
20   they were true, that is if you, in fact, falsified
21   inventory, that could be grounds for immediate
22   termination, correct?
23      A.   I would assume so.
24      Q.   And so even though you got a decision-making day
25   coaching, under policy if you had, in fact, done what
```

Esquire Deposition Services         1700 Pacific Avenue, Suite 4750         Dallas, Texas 75201
Phone (214) 257-1436                      (800) 852-9737                    Fax (214) 965-9205

App. 0069

1   you were accused of, you could have been terminated,
2   correct?
3       A.  I imagine it would be up to the DM.
4       Q.  My point is:  It would be within the realm of
5   company policy to terminate somebody if it is believed
6   that he or she falsified inventory, correct?
7       A.  I believe so, yes.
8       Q.  Okay.  You weren't terminated as a result of that
9   allegation, correct?
10      A.  Correct.
11      Q.  Rather, you were given a decision-making day?
12      A.  Yes.
13      Q.  And a decision-making day is a paid day off where
14  you're supposed to go home and reflect on your
15  performance and determine whether you're comitted to
16  being successful at the company, correct?
17      A.  Correct.
18      Q.  You are paid for that day off, correct?
19      A.  Correct.
20      Q.  Now in the document that's been marked as Defense
21  Exhibit No. 6, it indicates that you were going to be
22  demoted to an assistant manager position?
23      A.  Yes.
24      Q.  Okay.  That did not, in fact, occur, correct?
25      A.  Correct.

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                    Fax (214) 965-9205

App. 0070

1    Q.   Why not?
2    A.   Because I called John Murphy.
3    Q.   You open doored the issue?
4    A.   Yes, I did.
5    Q.   John Murphy held what position?
6    A.   Regional.
7    Q.   He was a regional manager, correct?
8    A.   Yes.
9    Q.   So you called Mr. Murphy after you sent him the
10   written statement that's been marked as Defense 8?
11   A.   Prior to that, I called him the same day.
12   Q.   Okay.  And then he -- when you spoke to
13   Mr. Murphy, he asked you to put your complaints in
14   writing?
15   A.   Yes.
16   Q.   And then how did you find out that he made the
17   decision to reverse Mr. Chambert's decision to demote
18   you?
19   A.   He called me.
20   Q.   And what did he say?
21   A.   He said that he was leaving me as a co-manager
22   and the decision day would stand, and I'd be going to
23   Wylie.
24   Q.   Okay.  That would be the first time you ever used
25   the open door?

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                     Fax (214) 965-9205

App. 0071

Page 152

```
 1      A.  Yes.
 2      Q.  And so the first time that you used the open door
 3   at Wal-Mart was May 5th, 2004?
 4      A.  Yes.
 5      Q.  And when you used the open door policy on May
 6   5th, 2004, it worked for you.  In other words, you used
 7   the open door to complain about your demotion, and as a
 8   result of that, the demotion decision was reversed,
 9   correct?
10      A.  Yes.
11      Q.  And you already told us that you did not discuss
12   with Mr. Murphy your perception of sexual harassment,
13   correct?
14      A.  Correct.
15      Q.  And so when you had the conversation with
16   Mr. Murphy before writing the statement that's been
17   marked as Defense Exhibit No. 8, you discussed with him
18   solely your objection to the demotion decision, correct?
19      A.  Correct.
20      Q.  When you transferred to Wylie in May of 2004, was
21   there a co-manager at that store?
22      A.  Yes.
23      Q.  Who was that?
24      A.  His name was Ivan.
25      Q.  Do you remember Ivan's last name?
```

Esquire Deposition Services         1700 Pacific Avenue, Suite 4750         Dallas, Texas 75201
Phone (214) 257-1436                      (800) 852-9737                    Fax (214) 965-9205

App. 0072

Page 153

```
 1     A.  Benham.
 2     Q.  B-E-N-H-A-M?
 3     A.  Yes.
 4     Q.  And when you went to Wylie, you were an assistant
 5  manager, correct?
 6     A.  Co-manager.
 7     Q.  I'm sorry.  When where you went to Wylie, you
 8  were a co-manager, correct?
 9     A.  Yes, sir.
10     Q.  And Mr. Benham was your co-worker?
11     A.  Yes.
12     Q.  When you received the decision-making day on May
13  4th, 2004, you were informed that any further misconduct
14  could result in your termination, correct?
15     A.  Yes.
16     Q.  And you knew that the decision making day
17  coaching would be active up through May 5th of 2005,
18  correct?
19     A.  Yes.
20     Q.  And so if the company deemed you to engage in
21  misconduct at any time between May 4th, 2004, and May
22  5th, 2005, consistent with the coaching for improvement
23  policy, your employment could have been terminated,
24  correct?
25     A.  Yes.
```

Esquire Deposition Services      1700 Pacific Avenue, Suite 4750      Dallas, Texas 75201
Phone (214) 257-1436                   (800) 852-9737                 Fax (214) 965-9205

App. 0073