```
1    you filed with Wal-Mart?
2         A.  Yes.
3         Q.  And this was filed after your demotion with
4    Wal-Mart, correct?
5         A.  Yes.
6         Q.  It is true that you did not indicate on your
7    charge of discrimination that you believe you were
8    retaliated against, correct?
9         A.  (No verbal response.)
10        Q.  Directing your attention to the center box where
11   it says discrimination based on, the only box checked is
12   sex, correct?
13        A.  Yes.
14        Q.  The box for retaliation is not checked, correct?
15        A.  Yes.
16        Q.  That's your signature at the bottom of the page
17   where it says, I declare under penalty of perjury that
18   the above is true and correct?
19        A.  Yes.
20        Q.  I know we've already discussed everything you're
21   relying on in support of your claim of sexual
22   harassment, correct?
23        A.  Yes.
24        Q.  Are you also claiming in this lawsuit that you
25   were discriminated against on account of your gender --
```

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                    Fax (214) 965-9205

App. 0085

1    A.  Now?
2    Q.  -- in this lawsuit, and I'll explain to you what
3  I mean.
4    A.  Okay.
5    Q.  If you check the box of sex on a charge of
6  discrimination that could mean sexual harassment, it
7  could mean gender discrimination, or it could mean both.
8  And I know that you're claiming sexual harassment, and
9  we've already discussed that.
10   A.  Yes.
11   Q.  Are you also claiming gender discrimination; that
12 is, that you were discriminated against on account of
13 the fact that you are a woman, separate and apart from
14 the harassment that you have experienced on account of
15 you being a woman?
16   A.  No.  I don't believe so.
17   Q.  And so we have discussed everything that you're
18 relying on in support of your claim based on sex,
19 correct?
20   A.  Correct.
21   Q.  Which is solely your sexual harassment complaint,
22 correct?
23   A.  Correct.
24   Q.  In your complaint, you allege that you were
25 retaliated against.  Are you aware of that?

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                    Fax (214) 965-9205

App. 0086

1   A. Yes.
2   Q. What is the basis of that allegation?
3   A. During my evaluation when Trent Crow brought up
4   my old district.
5   Q. Which evaluation are you referring to?
6   A. My last evaluation in Wylie.
7   Q. What did you receive on that evaluation?
8   A. 3.8, I believe.
9   Q. Isn't that the highest rating you've ever
10  received at Wal-Mart?
11  A. No. I got a 4.0 at one time.
12  Q. Okay. You would agree that a 3.8 overall rating
13  at Wal-Mart is a very high rating, correct?
14  A. It's a good one.
15  Q. It's an exceeds expectations rating, correct?
16  A. I don't know.
17  Q. The highest you get is a 4.0, correct?
18  A. Yes. I think you can go higher than that.
19  Q. Okay.
20  A. It was a good evaluation.
21  Q. Okay. People strive to get a 3.8; is that fair
22  to say?
23  A. Yes, sir.
24  Q. What was the comment that Mr. Crow made when he
25  filled out your evaluation in February of '05?

Esquire Deposition Services
Phone (214) 257-1436
1700 Pacific Avenue, Suite 4750
(800) 852-9737
Dallas, Texas 75201
Fax (214) 965-9205

App. 0087

1   A.  I don't know what his comment was.  Do you want
2   to know what he said to me during my evaluation?
3   Q.  Yeah.  I'm not trying to trick you.  You said
4   that your retaliation claim is based on the comment
5   Trent Crow made during your evaluation.
6   A.  Okay.
7   Q.  What was the comment?
8   A.  He said that -- I want to get this right.  I came
9   from another district where my career, and I believe, it
10  was either in the toilet or questionable, but I had done
11  all right for him.
12  Q.  Okay.  Did you ask him what he meant by that?
13  A.  I just looked at him.
14  Q.  So you didn't ask him?
15  A.  No, I didn't ask him.
16  Q.  So you don't know, then, that he was referring to
17  the fact that you were accused of an integrity issue at
18  your former store, do you?
19  A.  I would assume that's what he was referring to.
20  Q.  Why -- why do you believe that that would be
21  retaliation for him to make a comment such as that based
22  on the accusation of having committed an integrity
23  issue?
24  A.  I'm sorry.  I don't understand what you're asking
25  me.

Esquire Deposition Services
Phone (214) 257-1436

1700 Pacific Avenue, Suite 4750
(800) 852-9737

Dallas, Texas 75201
Fax (214) 965-9205

App. 0088

1    Q.  Well, we've already discussed that an allegation
2    of a lack of integrity is a substantial allegation at
3    Wal-Mart, correct?
4    A.  Correct.
5    Q.  I mean, if you commit an integrity violation,
6    that's gross misconduct at Wal-Mart, correct?
7    A.  Yes.
8    Q.  And you were accused of engaging in gross
9    misconduct at the Rockwall store, correct?
10   A.  Yes.
11   Q.  You would agree, wouldn't you, that if a manager
12   is accused of gross misconduct, that manager's career at
13   Wal-Mart may be in jeopardy?
14   A.  Yes.
15   Q.  Okay.  What I'm trying to understand is:  Why do
16   you take issue with Mr. Crow's statement to you that
17   when you came to the Wylie store after the Rockwall
18   store that you had had some problems at the Rockwall
19   store, or the implication that you had had some problems
20   at the Rockwall store?
21   A.  It had no -- it didn't pertain to the evaluation
22   at hand.  I don't understand why he brought up my old
23   district when it was my current evaluation that was --
24   that was being done.
25   Q.  Okay.  And notwithstanding the comment, you still

Esquire Deposition Services        1700 Pacific Avenue, Suite 4750        Dallas, Texas 75201
Phone (214) 257-1436                     (800) 852-9737                   Fax (214) 965-9205

App. 0089

1  got a very positive evaluation, correct?
2     A.  Yes, I got a good one.
3     Q.  Is there anything else that you rely on in
4  support of your retaliation claim?
5     A.  No.
6     Q.  Have we now discussed everything that you rely on
7  in support of this lawsuit against Wal-Mart?
8     A.  Yes.
9     Q.  Well, if you need time to think about it go ahead
10 and do it.
11    A.  No.  This time I'm pretty sure.
12    Q.  Let me just finish what I'm going to say.  I came
13 here to make sure that I knew the full side of your
14 story, and I want to make sure I leave here knowing the
15 full side of your story, so it's an important question.
16 Take as long as you want to answer it, but I want to
17 make sure that we have discussed everything that you are
18 relying on in support of your lawsuit against Wal-Mart.
19    A.  I'm pretty sure we have.
20    Q.  Okay.  As you sit here today, have you suffered
21 any economic loss as a result of your demotion at
22 Wal-Mart?
23    A.  No, I get paid the same.
24    Q.  As you sit here today, it is true that you have
25 not suffered any economic loss as a result of any of the

Esquire Deposition Services          1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257-1436                        (800) 852-9737                    Fax (214) 965-9205

App. 0090

1  I, Keely Davis, have read the foregoing deposition
2  and hereby affix my signature that same is true and
3  correct except as noted herein.

*Keely Davis*

Keely Davis

CA# 3:05-CV-1805-L

STATE OF TEXAS )

Subscribed and sworn to before me by the said witness, Keely Davis, on this the 17 day of February, 2006.

ALISSA MCCULLOCH
MY COMMISSION EXPIRES
FEBRUARY 22, 2009

*Alissa McCulloch*

NOTARY PUBLIC IN AND FOR THE STATE OF Texas

My Commission Expires: 2/22/09

Esquire Deposition Services
Phone (214) 257-1436
1700 Pacific Avenue, Suite 4750
(800) 852-9737
Dallas, Texas 75201
Fax (214) 965-9205

App. 0091

Coaching For Improvement
Coach # 521509 ~ Status is Active ~ Mode is View

| National ID# (SSN #) | First Name | M.I. | Last Name | Userid | Country | Division | Facility/Dept. |
|---|---|---|---|---|---|---|---|
| *****4406 | KEELY | | DAVIS | | US | 1 | 259 |

### Type of Coaching:

The Level, Type, and Reason(s) displayed below were the original Level, Type, and Reason(s) selected for the coaching.

| Level | Type | Reason(s) |
|---|---|---|
| Decision Day | Misconduct | Integrity |

### Observations of Associates Behavior and/or Performance:

On 5-3-04 it was brought to the Store Managers attention that Keely had directed the Electronics Department Manager to inventory 3 computer boxes in which the computers were actually missing. The product in these 3 boxes had been stolen and should have been processed in claims as shrinkage. The Store Manager brought it to the attention of District Manager Alan Schamber. The DM and DLPS conducted an investigation and interviewed 2 Hourly and 2 Management associates to get the facts. The facts clearly indicate that Keely did in fact give the direction to inventory the 3 missing computers. This is a serious violation of company policy and cannot be tolerated.

### Impact of Associate's Behavior:

Keelys direction implicated other associates and lead to compromised integrity. Additionally, it has resulted in approximately $3000.00 in shrink for the next inventory. Due to the serious nature of her actions, Keely is demoted to an Assistant Manager and will be assigned to Store 265 effective immediately.

### Behavior Expected of Associate:

Keely is expected to make decisions and give direction that is consistent with Wal-Marts values and policies. Keely is to set a good example for associates and conduct herself in a manner that can never be questioned.

### Next Level of Action:

The next level of action if behavior continues is:   Termination

### Action Points / Associate's Comments:

i didn t do what i am acused of and would not compromise my integrity or those of my fellow associates. its unfortunate this investigation would be conducted solely on the words of associates.

### Date, Time, and Place of Coaching:

| Date Given | 2004-05-04 | Time | 12:29 AM | Place | Assistant Manager Office - Store 259 |

### Expiration Date:

The expiration date of the coaching may be extended beyond 1 year if the Associate spent time on LOA.

| Expiration Date | 2005-05-05 |

### Coaching Acknowledgements Originated By:

| | National Id# (SSN#) | First Name | Last Name |
|---|---|---|---|
| Associate | *****4406 | KEELY | DAVIS |
| Associate Userid | KADAVIS.S02996 | | |

C:\Documents and Settings\dmarriott\Local Settings\Temporary Internet Files\OLK52\Coaching.DOC

App. 0092



| | | | | | |
|---|---|---|---|---|---|
| Manager / Supervisor | | | | | |
| Member of Mgmt. | | | | | |
| Coaching Acknowledgements Finalized By: | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Completed by Associate >> | ☑ I have completed the Action Points and will exhibit the expected behavior in the future. | | | | |
| | National Id# (SSN#) | First Name | Last Name | | |
| Associate | *****4406 | KEELY | DAVIS | ☑ | I Acknowledge |
| Associate Userid | KADAVIS.S02996 | Password Validated | | | |
| Manager / Supervisor | *****0308 | Alan | Schamber | ☑ | I Acknowledge |
| Member of Mgmt. | *****0628 | Gregory | Mitchell | ☑ | I Acknowledge |

ATT: TARYN
FAX: 903-567-6680

| CHECKS LIST SINGLY | | DOLLARS | CENTS |
|---|---|---|---|
| | x | | |
| | x | | |
| | x | | |
| | x | | |
| | x | | |
| | x | | |
| TOTAL | $ | | |

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

| x 100 | |
| x 50 | |
| x 20 | |
| x 10 | |
| x 5 | |
| x 2 | |
| 1 | |

App. 0094

Δπ EXHIBIT 8
Deponent Davis
Date 1/10/00 Rptr. RM
WWW.DEPOBOOK.COM

5-5-04

One week or less Nikki Melton and myself were in the managers office. Tammy Hotchkiss came in and I told her to take a computer box to claims. Nikki laughed and said "she put something in the box and was going to inventory it." I said "yeh, take it to claims". Two days after inventory John Favae told me I should open door with Nicole Hubert because of price changes she done in Dept 05 as a dept Mgr in training. This was on Friday April 30th. The following Monday Alan Schamber announced in the morning meeting that auditors were coming to the store on the 10th of May. Later in the day I talked to Nicole and asked what was wrong. She told me Tammy Hotchkiss told her when doing price changes to take a zero onhand for mark-ups then go into count request and change it and on markdowns to double the count. She stated she was worried because associates were telling her that Tammy Hotchkiss stated "It was Nicoles fault and not hers". I told Nicole not to worry about it when the auditor's or whoever talked to her to just tell them the truth and everything would be alright. Ten mins later I'm called into the mgrs. office with Ronnie, Greg Mitchell and Alan. Greg looks at me and says