EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 2A50 325-D<br>310-2005-01959 |

**Civil Rights Div Texas Workforce Cm** _and EEOC_
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mrs. Keely Davis | (972) 495-1732 | 02-08-1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3434 Salmon | Sachse, TX 75048 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WAL-MART | 500 or More | (972) 429-3526 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2050 N. Highway 78, | Wylie, TX 75048 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-25-2005    Latest: 02-25-2005

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:**
On February 25, 2005 I was informed by Trent Crow, District Manager that I was being demoted from my position of Co-Manager at store #5210 in Wylie, Texas and that I was being transferred to store # 2996 in Dallas, Texas and was to report on March 2, 2005 to my new position that of Assistant Manager.

**RESPONDENT'S REASON FOR ADVERSE ACTION:**
No reason given.

**DISCRIMINATION STATEMENT:**
I believe that I have been discriminated against because of my sex, Female in violation of Title VII of the Civil Rights Act of 1964, as amended.

Δπ EXHIBIT 11
Deponent Davis
Date 1/10/06  Rptr. [signature]
WWW.DEPOBOOK.COM

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
_Keely Davis_

I declare under penalty of perjury that the above is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
02/28/05  [signature]

Feb 28, 2005
Date  Charging Party Signature _Keely Davis_

App. 0107

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CIVIL ACTION NO. 3:05-CV-1805-L
(ECF)

KEELY DAVIS,

    Plaintiff,

vs.

WAL-MART STORES, INC.,

    Defendant.

## DECLARATION OF ALAN W. SCHAMBER

I, Alan W. Schamber, make the following declaration under penalty of perjury pursuant to the laws of the United States:

1. I am over eighteen (18) years of age, of sound mind, and suffer from no disease or defect that would render me incompetent to make this declaration.

2. I make this sworn declaration from my own personal knowledge, for use in the above-styled matter, and for all lawful purposes.

3. I am a former District Manager for Wal-Mart Stores, Inc. ("Wal-Mart"). I held that position from approximately January 1998 to October 2005.

4. As a District Manager for Wal-Mart, my job duties included investigating allegations of wrongdoing by Wal-Mart managerial personnel.

5. In early May 2004, allegations were raised that Plaintiff Keely Davis had instructed associates to inventory three missing computers, rather than reporting them as shrinkage.

6. District Loss Prevention Supervisor Gregory Mitchell and I conducted an investigation into those allegations.

7. As part of our investigation, Mr. Mitchell and I interviewed and obtained statements from Ms. Davis and four other associates, including two hourly associates and two members of management. Copies of the statements that we obtained during our investigation are attached hereto as Exhibit 1.

8. Although Ms. Davis denied the allegations, Mr. Mitchell and I concluded, based on the witness statements, that the allegations appeared to be true.

9. Under Wal-Mart policy, the misconduct alleged to have been committed by Ms. Davis constitutes a serious integrity violation.

10. Pursuant to Wal-Mart's Coaching for Improvement Policy, Ms. Davis's employment could have been terminated as a result of her violation of Wal-Mart policy. A copy of Wal-Mart's Coaching for Improvement Policy is attached hereto as Exhibit 2.

11. Regional Personnel Manager Sam Sanchez and I decided to give Ms. Davis a Decision-Making Day Coaching and demote her from Co-Manager to Assistant Manager, rather than terminating her employment.

12. It is Wal-Mart policy to transfer members of management who have been demoted to different stores.

13. No one else was involved in the decision to give Ms. Davis a Decision-Making Day Coaching and demote her to Assistant Manager in May 2004.

14. When I administered the Decision-Making Day Coaching to Ms. Davis on May 4, 2004, I advised her that the Coaching would remain active for one year, until May 4, 2005, and

that, if Wal-Mart deemed that she engaged in further misconduct during that time period, her employment could be terminated immediately.

15. On May 4, 2004, I also advised Ms. Davis of the decision to demote her to Assistant Manager and transfer her to another store.

16. I later learned that the decision to demote Ms. Davis had been overturned.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: August ___, 2006.

_____
ALAN W. SCHAMBER

# EXHIBIT 1

# STATEMENT

My name is Tammy Hotchkiss, I live at 824 Logginwood Royse
(Street Address)

City Tx 75189. I make this statement of my own free will. It is my statement and no one else's.

I got a e-mail from Greg about my Hp comp. 3 Box were taking from our store. Keely said she was going to take care of everything. I was to prep. for Inv. and put them in security room. I was going to put them in claims but was told to get them out of claims & put them in the security room. Keely & Nikki were in the offic when she told me to go to claims and get the Box out & get the others out of the offic & prep. them to. I prep. the Boxes & put them in the security room with the other Hp comp. for Inv.

*Tammy Hotchkiss* (signature)

# STATEMENT

My name is Sharon Morley, I live at 10482 CR 800 Royse City, TX 75189 P.O. box 256 Fate, TX 75132 (Street Address) make this statement of my own free will. It is my statement and no one else's.

Tammy H. of Electronics gave me a UPC for a notebook computer and I scanned it out under shrink. Then she brought me a second UPC and Nick (asst. Manager) ask me if Tammy gave me a UPC for a laptop computer. I said yes and he (Nick) told me not to scan it out. A couple days later I called Nick and ask him about scanning out the computer. He told me not to. I don't recall who told me they were going to inventory the computer.



The above statement is a true statement to the best of my knowledge and belief.  No threats or promises were made by anyone to get me to say it.  I have had complete freedom to leave the premises.

*Sharon Morley*
Signature

_____
Witness

_____
Witness

0259 - Rockwall, TX
Store #/Location

05-03-04
Date

http://lponline.wal-mart.com/lossprev/stmt.html

DEF 00077

5/3/2004

App. 0114